IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 09-22 Erie |
| DONALD RAY MAXWELL CATES | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Sexual exploitation of a minor<br>From in and around August 2007 to in and around April 2009 | 18 USC §§2251(a) and 2251(e) |
| 2 | Transportation with intent to engage in criminal sexual activity<br>From on or about April 12, 2009 to on or about April 16, 2009 | 18 USC §§2423(a) and 2423(e) |

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 3 | Travel with intent to engage in a sexual act with a minor<br>From on or about April 10, 2009 to on or about April 16, 2009 | 18 USC §§2423(b) and 2423(e) |
| 4 | Inducing a minor to engage in illegal sexual activity<br>From in and around August 2007 to in and around April 2009 | 18 USC §2422(b) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of sexual exploitation of a minor, in violation of 18 U.S.C. §§2251(a) and 2251(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

2. That the defendant intended that the minor engage in sexually explicit conduct.

Title 18, United States Code, Section 2251(a).

3. That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or

attempting to do so, was to produce a visual depiction of such conduct.

Title 18, United States Code, Section 2251(a).

4. That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce or mailed, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

Title 18, United States Code, Section 2251(a).

**B. As to Count 2:**

In order for the crime of transportation with intent to engage in criminal sexual activity, in violation of 18 U.S.C. §§2423(a) and 2423(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly transported an individual in interstate or foreign commerce, or in any commonwealth, territory, or possession of the United States.

2. That the individual had not attained the age of 18 years.

3. That the defendant transported the individual with the intent that the individual engage in sexual activity for which he (the defendant) could be charged with a criminal offense.

4. That the defendant acted knowingly.

Title 18, United States Code, Section 2423(a).

**C. As to Count 3:**

In order for the crime of travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. §§2423(b) and 2423(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant traveled in interstate or foreign commerce.

2. That the defendant traveled for the purpose of engaging in any illicit sexual conduct, as defined in Title 18, United States Code, Sections 2423(f) and 2246.

3. That the sexual act would be in violation of chapter 109A if the sexual act occurred in the special maritime or territorial jurisdiction of the United States.

Title 18, United States Code, Section 2423(b).

**D. As to Count 4:**

In order for the crime of inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. §2422(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly used the mail or any facility or means of interstate or foreign commerce.

2. To persuade, induce, entice or coerce any individual who had not attained the age of 18 years.

3. To engage in any sexual activity for which he (the defendant) could be charged with a criminal offense.

Title 18, United States Code, Section 2422(b).

### III. **PENALTIES**

A. **As to Count 1: Sexual exploitation of a minor (18 U.S.C. §§2251(a) and 2251(e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Sections 2251 et seq., 2141 et seq., 2421 et seq, or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty five (25) years, nor more than fifty (50) years, but if such person has two prior convictions, such person shall be imprisoned not less than thirty five (35) years, nor more than life (18 U.S.C. §2251(d)).

2. A fine of $250,000 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than five (5) years (18 U.S.C. §3583(b)(1)).

4. Any or all of the above.

B. **As to Count 2: Transportation with intent to engage in criminal sexual activity (18 U.S.C. §§2423(a) and 2423(e)):**

1. Imprisonment of not less than ten (10) years, nor more than life (18 U.S.C. §2423(a)).

2. A fine of not more than $250,000 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than five (5) years (18 U.S.C. §3583(b)(1)).

4. Any or all of the above.

C. **As to Count 3: Travel with intent to engage in a sexual act with a minor (18 U.S.C. §§2423(b) and 2423(e)):**

1. Imprisonment of not more than thirty (30) years (18 U.S.C. §2423(b)).

2. A fine of not more than $250,000 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than five (5) years (18 U.S.C. §3583(b)(1)).

4. Any or all of the above.

D. **As to Count 4: Inducing minor to engage in illegal sexual activity (18 U.S.C. §2422(b)):**

1. Imprisonment of not less than ten (10) years, nor more than life (18 U.S.C. §2422(b)).

2. A fine of not more than $250,000 (18 U.S.C. §3571(b)(3)).

3. A term of supervised release of not more than five (5) years (18 U.S.C. §3583(b)(1)).

4. Any or all of the above.

IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. §3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013