IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-22 Erie |
| | ) | |
| DONALD RAY MAXWELL CATES | ) | |

## MEMORANDUM OPINION

Presently before the Court is Defendant Donald Ray Maxwell Cates's Motion for Clarification seeking clarification regarding a contradiction between the oral statement of the Court in setting a condition of supervised release with regard to contact with the victim, and the written Judgment regarding the same condition of supervision. ECF No. 80.

The written Judgment states as a condition of supervised release the following special condition:

> With the exception of brief, unanticipated, and incidental contacts, the defendant shall not associate with children under the age of 18, except for family members or children in the presence of an adult who had been approved by the probation officer. **The defendant shall have no contact directly or indirectly with the victim of the offense in this case.**

Judgment in A Criminal Case, 10/5/2011, 4, ECF No. 78 (emphasis added). At the sentencing hearing the Court imposed this condition exactly as stated in the written Judgment. Sentencing Tr., 10/4/2011, at 85 (ECF No. 79).

After the Court imposed the sentence and read Mr. Cates his appeal rights, the following discussion ensued regarding this condition:

> [Defense Counsel] MR. PATTON: . . . We would object to the condition that Mr. Cates never for the rest of his life have contact with [the victim], even after she is an adult. I would respectfully suggest that is beyond the Court's authority to prohibit any contact between two adults. I clearly understand while she is a minor, but –

>    THE COURT: You may have a point there. Do you have any problem with
> that, Mr. Trabold?
>
> [AUSA] MR. TRABOLD: Your Honor, we think your condition is appropriate
> given the nature of this case. You don't have authority to prevent her from
> contacting him, but you certainly have the authority to prevent him from
> contacting her.
>
> THE COURT: I will withdraw that condition.

Sentencing Tr. 90-91. Based on this discussion we agree that there is a need for clarification of what the Court meant by "I will withdraw that condition," and thus we grant the motion for clarification.

To begin, we in no way meant to withdraw the condition that "[w]ith the exception of brief, unanticipated, and incidental contacts, the defendant shall not associate with children under the age of 18, except for family members or children in the presence of an adult who had been approved by the probation officer." Indeed, defense counsel acknowledged the Court's authority to prohibit Mr. Cates from associating with or contacting a minor, specifically, the victim, when he stated: "I clearly understand while she is a minor." Sentencing Tr. 90.

Defense counsel's objection was "to the condition that Mr. Cates never for the rest of his life have contact with [the victim], even after she is an adult. I would respectfully suggest that is beyond the Court's authority to prohibit any contact between two adults." Sentencing Tr. 90. The Court's immediate reaction was to recognize that counsel had a valid point regarding prohibiting contact between adults, and asked the government's attorney if he had a problem with defense counsel's objection, specifically as it related to contact with the victim after she becomes an adult. Government counsel's response indicated that the government

2

believed the condition was appropriate as stated and that the Court did have the authority to impose a blanket prohibition on Mr. Cates from contacting the victim. Government counsel also added that the Court did not have the authority to prevent the victim from contacting Mr. Cates.

The brief discussion was limited to the subject of Defendant's objection regarding a prohibition on Mr. Cates's future contact with the victim after she becomes an adult. Viewed in context, therefore, the Court's conclusion "I will withdraw the condition" is limited and means that the Court sustained Defendant's objection to the blanket prohibition on Mr. Cates contacting or associating with the victim after she becomes an adult. Thus, the condition restricting contact with the victim should have included the following bolded language:

> The defendant shall have no contact directly or indirectly with the victim of the offense in this case **while she is a minor.**

As an additional matter, the Court did not impose, and could not impose, any restrictive condition on the victim in this case. Government counsel was correct that we had no authority to prevent the victim from contacting Mr. Cates.

This brings us to the reason Mr. Cates filed his motion. Apparently, Mr. Cates believed that he was only prohibited from initiating contact with the victim, but he was not prohibited from communicating with the victim if she initiated contact. Motion for Clarification 2. This is incorrect.

The victim, while still a minor, did initiate contact with Mr. Cates. Then, with the approval of the victim's parents, Mr. Cates and the victim began communicating and did so in various forms for approximately 19 months. Eventually, he was disciplined and punished by

3

prison officials for engaging in contact with the victim in violation of one of the terms of his supervised release.

As we understand the circumstances under which the prison instituted its discipline and punishment against Mr. Cates it appears that the officials acted within their authority. We understand that Mr. Cates is not asking this Court for relief as to the punishment imposed. He specifically asks the Court to "clarify the question of whether or not he violated the order of the Court." Motion for Clarification 3. He more specifically poses the question he would like answered as:

> Did Cates violate the order of the Court when he replied to [the victim's] first letter initiating contact with him, expressing her desire for continued correspondence, with her parents' permission and knowledge, as Mr. Cates' Fiancée?

Id. The short answer to both questions is "Yes." There is no question that the victim was a minor during the communication, and thus Mr. Cates appears to have violated the condition that he not contact the victim.

May 22, 2013
Date

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: Donald Ray Maxwell Cates
09712-010
USP Tucson
PO BOX 24550
TUSCON, AZ 85734

Counsel of record
Bureau of Prisons
U.S. Probation